**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FERNANDO NAVARRO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES E. DZURENDA, *et al.*,<br><br>Defendants. | Case No. 3:24-CV-00001-ART-CLB<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[ECF No. 27] |

Before the Court is Defendants' motion for leave to file an exhibit under seal in support of their opposition to Plaintiff's motion for preliminary injunction. (ECF No. 27.) The exhibit at issue consists of Plaintiff's medical records. (*Id*.)

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Defendants seek to file an exhibit under seal in connection with their

opposition to Plaintiff's motion for preliminary injunction, which is "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records, since medical records contain sensitive and private information about a person's health. *See, e.g., Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). While certain aspects of a party's medical condition may be at issue in certain types of actions, that does not mean that all medical records filed in connection with a motion (which often contain unrelated medical information) must be broadcast to the public. In other words, the party's interest in keeping sensitive health information confidential outweighs the public's need for direct access to medical records.

Here, the referenced exhibit contains information related to Plaintiff's sensitive health information, medical history, and care. Balancing the need for the public's access to information regarding these medical records against the need to

///

///

1  maintain the confidentiality of these records weighs in favor of sealing the exhibit.
2  Therefore, Defendants' motion to seal, (ECF No. 27), is **GRANTED**.
3      **IT IS SO ORDERED.**
4      **DATED:** <u>July 10, 2025</u>

_____
**UNITED STATES MAGISTRATE JUDGE**