# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

FERNANDO NAVARRO HERNANDEZ,

    Plaintiff,

v.

DZURENDA, *et al.*,

    Defendants.

Case No. 3:24-CV-00001-ART-CLB

**ORDER RE: SUPPLEMENTAL BRIEFING**

[ECF No. 22]

    This case involves a civil rights action filed by Plaintiff Fernando Navarro Hernandez ("Hernandez") against Defendants Joseph Benson, Roxanne Bybee, Erika Ceballos, Michelle Perkins, and Elizabeth Pritchard (collectively referred to as "Defendants"). Currently pending before the Court is Hernandez's motion for preliminary injunction. (ECF No. 22.) Defendants responded, (ECF No. 26), and Hernandez replied, (ECF No. 34).

    In the motion, Hernandez requests court intervention "to stop denying [Hernandez] 300 mg Tegretol and 600 mg Neurolin, twice daily;" to "receive the recommended nasal surgery;" and to relieve his "daily chest pain and shortness of breath and symptom attacks." (ECF No. 22 at 2, 19.) Having reviewed the motion, opposition, and reply, the Court finds Defendants have not adequately addressed the issues presented[1] and orders Defendants to file supplemental briefing on the following issues:

---

[1] Defendants' opposition to the preliminary injunction is primarily focused on exhaustion of administrative remedies and the lack of alleged personal participation of certain defendants. However, the opposition does little to address the underlying constitutional issues as to any of the alleged medical issues that Hernandez is suffering. It is inappropriate to raise issues of exhaustion at the preliminary injunction stage. *See Jones v. Gittere*, No. 2:24-CV-00171-APG-DJA, 2025 WL 1310823, at \*4 (D. Nev. May 6, 2025) (denying preliminary injunction based on the failure to exhaust *after* the Court made merits findings at summary judgment regarding failure to exhaust).
    Furthermore, asserting that a plaintiff has not exhausted their claims "simply because an individual later sued was not named in the grievances" is not "*per se* inadequate." *Jones v. Bock*, 549 U.S. 199, 219 (2007). "[N]othing in the [PLRA] imposes a 'name all defendants' requirement . . . ." *Id.* at 218. Based on the given information, it is unclear that Hernandez has, in fact, failed to his exhaust his Eighth Amendment medical indifference claim as to the treatment of his chronological neurological symptoms at this time.

(1) What treatment is Hernandez receiving with respect to his neurological symptoms, including what, if any medication, Hernandez is receiving, if the medication differs from the medication requested by Hernandez, why the medication at issue in the motion was withdrawn, why the medication cannot be given or prescribed, and any other information regarding this issue that may be relevant for the Court's ultimate decision.

(2) What is the current status of the treatment of Hernandez's nasal growth, the results from the ENT specialist regarding the nasal growth, why surgery to remove the growth is not medically necessary at this time, and any other information regarding this issue that may be relevant for the Court's ultimate decision.

Following Defendants' supplemental briefing, Hernandez will be afforded the opportunity to respond to Defendants' supplemental brief.

Accordingly, **IT IS ORDERED** that Defendants shall submit supplemental briefing on the issues listed above by no later than **Monday, August 4, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff's response to Defendants' supplement brief must be filed by no later than **Thursday, August 14, 2025.**

**IT IS SO ORDERED.**

**DATED**: July 22, 2025          .

**UNITED STATES MAGISTRATE JUDGE**