UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO NAVARRO HERNANDEZ,<br><br>Plaintiff,<br>v.<br>JAMES E. DZURENDA, et al.,<br><br>Defendants. | Case No. 3:24-cv-0001-ART-CLB<br><br>ORDER |

Plaintiff Fernando Hernandez brings this civil rights action under 42 U.S.C. § 1983 for events occurring while Plaintiff was housed at Ely State Prison ("ESP"). (ECF No. 6.) Mr. Hernandez sues Defendants Nurse Erica Ceballos, Acting Medical Director Dr. Joseph Benton, Dr. Barreti, Dr. Roxanne Bybee, NDOC Administrator Pritchard ("Pritchard"), and Director of Nursing Michelle Perkins ("Perkins") (collectively, "Defendants") for deliberate indifference to serious medical needs based on the treatment of his neurological condition. (ECF No. 6.) Mr. Hernandez also sues Defendants Pritchard and Perkins for deliberate indifference related to his damaged nose tissue and dermatological condition. (*Id.*)

Before the Court is Plaintiff's motion for a preliminary injunction, requesting the Court order Defendants "to stop denying [Hernandez] 300 mg Tegretol and 600 mg Neurontin, twice daily;" to "receive the recommended nasal surgery;" and to relieve his "daily chest pain and shortness of breath and symptom attacks." (ECF No. 22 at 2, 19.) Defendants responded, (ECF No. 26), and Mr. Hernandez replied, (ECF No. 34). On July 22, 2025, the magistrate judge ordered Defendants to file supplemental briefing to address issues not thoroughly developed by the response. (ECF No. 39.) Defendants filed their supplemental

1

brief, (ECF No. 45), and Mr. Hernandez replied. (ECF No. 49.)

United States Magistrate Judge Carla L. Baldwin has issued a Report and Recommendation ("R&R") (ECF No. 53) recommending denial of Plaintiff's preliminary injunction. Plaintiff filed an objection to that R&R after the deadline. (ECF No. 61.) For the reasons identified below, the Court overrules Plaintiff's objection, affirms the R&R, and denies Plaintiff's motion for a preliminary injunction. (ECF No 22.)

### I. Factual and Procedural Background

Upon review, the Court agrees with and adopts the magistrate judge's factual and procedural history (ECF No. 53 at 1-2) in full:

Mr. Hernandez is an inmate currently in the custody of Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). Mr. Hernandez is classified as a medically stable inmate with multiple medical conditions. (ECF Nos. 22 at 2-3, 26 at 1-2.)

Mr. Hernandez alleges he suffers from a chronic neurological condition that causes "partial seizures, symptoms, and . . . severe neuropathic pain disorder attacks." (ECF No. 22 at 2.) In short, he alleges for years NDOC prescribed him 300mg Tegretol and 600mg of Neurontin, twice daily, for his symptoms but in 2022, Defendants revoked the prescription without cause. (*Id.* at 2-7) He alleges he was not treated for 13 months and since December 2023, NDOC doctors have prescribed different medications that have not addressed his symptoms. (*Id.*) He acknowledges he now receives some Tegretol but not Neurontin and he continues to have "daily severe spasms activity attacks" and other symptoms. (*Id.*) Defendants assert that in 2022, NDOC moved away from the general practice of prescribing Neurontin due to its high trade value in the prison setting as a drug that can create a euphoric effect. (ECF No. 45.) Defendants state Mr. Hernandez continues to receive treatment to address his neurological condition and that an electroencephalogram ("EEG") would take place within 45 days of the date of their

supplemental brief, which was filed on August 5, 2025. (*Id.*) Mr. Hernandez received the EEG on August 27, 2025. (ECF No. 61 at 3.)

In addition to his neurological condition, Mr. Hernandez also alleges he suffers from a growth in his nose that he asserts is cancerous. (ECF No. 22 at 7-10.) Mr. Hernandez alleges he was told by NDOC doctors he needed surgery and was referred to an ENT specialist to address the "tumor", but Defendants have not scheduled his surgery. (*Id.*) He states the tumor causes him constant pain, bleeding, and a rotten smell and alleges he has not received treatment since July 2024. (*Id.*) In supplemental briefing, Defendants acknowledge the need for surgery of this growth and note the surgery is scheduled to occur within 60 days of the date of their supplemental briefing. (ECF No. 45.) Mr. Hernandez confirmed in his objection that he is scheduled for surgery on a day between September 17 and September 19, 2025. (ECF No. 61.)

Finally, Mr. Hernandez alleges he has significant heart issues dating back to a 2003 heart attack. (ECF No. 22 at 10-13.) In his complaint he alleged Defendants have failed to address many symptoms he continues to feel such as high blood pressure, chest pain, loss of taste, and dizziness and have not permitted him to see a cardiologist. (*Id.*)

## II. Legal Standard

### A. Preliminary Injunction

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts clearly favor [his] position,

1  not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740
2  (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory
3  injunctions are "particularly disfavored" and "should not issue in doubtful cases."
4  *Id.* (internal quotations omitted).

5        The Prison Litigation Reform Act ("PLRA") similarly instructs that any
6  restraining order or preliminary injunction granted with respect to prison
7  conditions "must be narrowly drawn, extend no further than necessary to correct
8  the harm the court finds requires preliminary relief, and be the least intrusive
9  means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Thus, section
10 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to
11 inmates. *Gilmore v. California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section
12 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal
13 courts and to protect the bargaining power of prison administrators — no longer
14 may courts grant or approve relief that binds prison administrators to do more
15 than the constitutional minimum." *Id.* at 999.

16       Where the motion for preliminary injunction is related to new allegations
17 of misconduct—distinct from the allegations at issue in the complaint—such a
18 motion must be denied. See, e.g., *Padilla v. Nevada*, No. 2:08-cv-410-LRH-RAM,
19 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary
20 injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:09-
21 cv-3012-JAM-KJN, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying
22 motion for preliminary injunction where the conduct asserted in the motions is
23 based on new assertions of misconduct unrelated to the acts of misconduct
24 asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017
25 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary
26 injunction seeking injunction claimed retaliation for bringing underlying lawsuit
27 because those acts were separate from claims asserted within the complaint
28 itself.)

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winters*, 555 U.S. at 24. Therefore, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id.*

### B. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Mr. Hernandez objected to the R&R. (ECF No. 6.) Therefore, the Court reviews the R&R *de novo*.

### III.   Analysis

In his objection, Mr. Hernandez notes that he did not receive the R&R until September 10, 2025, after the deadline to object, because he was in the hospital. (ECF No. 61 at 2.) The Court sua sponte grants Mr. Hernandez an extension of time to file his objection and will consider it timely filed. Mr. Hernandez objects to the R&R first, on the basis that he met the subjective standard for an Eighth Amendment violation for deliberate indifference in regard to the denial of Neurontin, an anti-seizure medication, and second, that he faced an unnecessary delay in the approval of surgery for his nasal growth. (ECF No. 61.)

### a. **Neurological Medication**

The magistrate judge recommends denying the motion for preliminary injunction because it does not meet the standard of a mandatory injunction. That motion requests that the Court order Defendants to reinstate Mr. Hernandez's previous prescription of "300 mg Tegretol and 600 mg Neurontin, twice daily" to address his neurological symptoms. The magistrate judge found that while Mr. Hernandez met the objective prong of the deliberate indifference analysis, he did not meet the subjective prong nor the showing for irreparable harm. (ECF No. 53)

Mr. Hernandez objects to this recommendation on the grounds that he has met the subjective prong of the deliberate indifference analysis. (ECF No. 61 at 4.) He argues that that the alternative treatment options he was provided were an "obvious failure" as evidenced by continued seizures, symptoms, and pain and were therefore medically unacceptable. (*Id.*)

Mr. Hernandez is requesting a mandatory injunction because he is asking for an order for a party to take an action. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir. 2009) ("This relief is treated as a mandatory injunction, because it 'orders a responsible party to 'take action.'") (citation omitted). Because Mr. Hernandez objects to the magistrate judge's analysis of the subjective prong of the deliberate indifference standard, the Court will focus its analysis there.

### i. **Deliberate Indifference Subjective Standard**

To establish that a difference of opinion amounts to deliberate indifference, a prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard,* 744 F.3d 1076, 1083 (9th Cir. 2014)); *see also Sandoval v. Cnty. of San Diego,* 985 F.3d 657, 679 (9th Cir. 2021) ("Our cases

1    make clear that prison officials violate the Constitution when they 'deny, delay or
2    intentionally interfere' with needed medical treatment. . . . The same is true when
3    prison officials choose a course of treatment that is 'medically unacceptable
4    under the circumstances.'") (internal citations omitted)), cert. denied sub nom.
5    *San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021). Typically, a difference of
6    opinion between the physician and the prisoner concerning the appropriate
7    course of treatment does not amount to deliberate indifference to serious medical
8    needs. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019); *Hamby v.
9    Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016); *Toguchi v. Chung*, 391 F.3d 1058
10   (9th Cir. 2004); *Franklin v. Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir.
11   1981).

12       "[S]tate prison authorities have wide discretion regarding the nature and
13   extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986),
14   *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir.
15   2014) (en banc). "Deliberate indifference is a high legal standard. A showing of
16   medical malpractice or negligence is insufficient to establish a constitutional
17   deprivation under the Eighth Amendment" *Hamby*, 821 F.3d at 1092 (internal
18   quotation marks and citation omitted).).

19       Due to the urgency of obtaining a preliminary injunction at a point when
20   there has been limited factual development, the rules of evidence do not apply
21   strictly to preliminary injunction proceedings. *Herb Reed Enterprises, LLC v.
22   Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) (citing
23   *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was
24   within the discretion of the district court to accept ... hearsay for purposes of
25   deciding whether to issue the preliminary injunction.")).

26       Mr. Hernandez cites *Nall v. Adamson* for the proposition that Ms. Cass's
27   Declaration, stating that NDOC is moving away from the prescription of
28   Neurontin because it has "high trade value," is not credible. No. 3:19-cv-0054-

MMD-CLB, 2021 WL 5541932 (D. Nev. 2021); (ECF No. 45 at 2-3.) In that case, the Court denied the defendants' motion for summary judgment on the plaintiff's Eighth Amendment deliberate indifference claim because they did not offer any reason for the discontinuance of Neurontin as a formulary throughout NDOC, which resulted in the plaintiff's increased symptomatic pain. *Id.* at *4. This legal conclusion is not a finding that the plaintiff's Eighth Amendment rights were violated, but that there was a genuine dispute of material fact. This does not demonstrate a likelihood of success on the merits that is necessary for the mandatory injunction that Mr. Hernandez seeks. This case is also distinguishable: here, Neurontin is not being categorically denied to all patients but is discouraged as a formulary with preferences for alternatives. (*See* ECF No. 45.)

Mr. Hernandez also argues that Defendants failed to quickly replace his Neurontin with a new medication to treat his seizures. (ECF No. 61.) The record reflects that Defendants has made consistent attempts to treat Mr. Hernandez after changing his prescription, including providing alternative medications and an EEG. (ECF No. 45 at 3, 47-1.) The record does not reflect that the treatment Mr. Hernandez is receiving is medically unacceptable under the circumstances. The Court therefore agrees with the magistrate judge's conclusions.

**b. Nasal Growth**

The magistrate judge also recommends that Mr. Hernandez's motion for a preliminary injunction in regard to receiving a recommended nasal surgery be denied it is moot, because the Defendants represented to the Court that Mr. Hernandez was seen by a specialist that recommended surgery, and that the procedure was authorized and scheduled to occur within sixty days of July 2, 2025. (ECF No. 53 at 12.) Mr. Hernandez objects that Defendants could have approved the procedure back in September 2023, and therefore his rights were violated. (ECF No. 61 at 8.)

The Court agrees with the magistrate judge that Mr. Hernandez's request for surgery is moot. A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir. 2011) (per curiam). A motion for a preliminary injunction can therefore be moot where the relief requested has been obtained. *See DeFunis v. Odegaard*, 416 U.S. 312 (1974) (holding that case was moot where plaintiff was afforded the remedy requested). The record demonstrates Defendants are actively working to provide Mr. Hernandez with the proper medical treatment for the nasal growth and will provide the surgery in due course.

**IV.    Conclusion**

It is therefore ordered that Plaintiff's objection to Judge Baldwin's Report and Recommendation (ECF No. 61) is OVERRULED.

It is further ordered that Judge Baldwin's Report and Recommendation recommending denial of Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF No. 53) is AFFIRMED.

It is further ordered that Plaintiff's motion for a preliminary injunction (ECF No. 22) is DENIED.

Dated this 7th day of November, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE