**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FERNANDO NAVARRO HERNANDEZ, | Case No. 3:24-cv-00001-ART-CLB |
| Plaintiff, | **ORDER GRANTING** |
| v. | **STIPULATION TO STAY CASE** |
| JAMES E, DZURENDA, et al., | **[FIRST REQUEST]** |
| Defendants. | |

Defendants Joseph Benson, Roxanne Bybee, Barbie Barrett, Erika Ceballos, Michelle Perkins, and Elizabeth Pritchard, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Kyle L. Hill, Deputy Attorney General, hereby stipulate for this Court to Stay the Case. This is the first request to stay the case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On October 8, 2025, this Court filed the Scheduling Order and Discovery Plan re §1983 Actions, with a Discovery Deadline of April 1, 2026. ECF No. 64 at 6.

On March 19, 2026, Plaintiff filed two motions to compel discovery. ECF Nos. 75, 76. On March 31,2026, Plaintiff filed another motion to compel discovery. ECF No. 77. On April 1, 2026, undersigned counsel for Defendants spoke with Plaintiff on the phone to discuss and possibly resolve the outstanding Motions to Compel. As a result of this conversation,

undersigned counsel and Plaintiff reached an agreement to have an in-person settlement discussion in an effort to resolve this matter entirely.

Based on this conversation, the parties stipulate and agree that a stay in this case is warranted to allow additional time for the parties to reach a resolution and dismiss this matter.

## II.    APPLICABLE LAW AND ARGUMENT FOR MOTION TO STAY

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

A stay in this case would not be prejudicial to either party, as the parties are in agreement with the stay and are in communication with each other about this case, as well as possible settlement in this matter. The parties are optimistic that an acceptable resolution can be reached in this matter and therefore request a brief stay of the pending deadlines and schedule.

///

///

///

///

///

///

///

///

III.    CONCLUSION

As shown above, the parties have agreed that this case should be stayed for 60 days to allow an in-person, informal settlement negotiation to resolve this case entirely.

DATED this ＿|＿ day of April, 2026


By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
FERNANDO NAVARRO HERNANDEZ

*Plaintiff, pro se*

DATED this 1st day of April, 2026
AARON D. FORD
Attorney General


By: */s/ Kyle L. Hill*＿＿＿＿＿＿＿＿＿
KYLE L. HILL (Bar No. 16094)
Deputy Attorney General
*Attorneys for Defendants*


***IT IS SO ORDERED.***


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Anne R. Traum
United States District Judge

Dated: <u>April 6, 2026</u>